NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FELIPE GUTIERREZ-CHIC,

                    Petitioner-Appellant,

    v.

WILLIAM BARR, ET AL.,

                    Respondents-Appellees.

No.    19-55625

D.C. No. 3:19-cv-00814-JAH
(RBB)

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted March 6, 2020[**]
Pasadena, California

Before:  KLEINFELD and NGUYEN, Circuit Judges, and PAULEY,[***] District
Judge.

    Felipe Gutierrez-Chic appeals the district court's order denying his petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In his petition,

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable William H. Pauley III, United States District Judge for
the Southern District of New York, sitting by designation.

Gutierrez-Chic challenges the lawfulness of an arrest warrant issued by the district court in the Western District of Texas.

In January 2019, Gutierrez-Chic was arrested in the Southern District of California pursuant to the Texas warrant. Following his arrest, Gutierrez-Chic was transferred to the Western District of Texas, where the district court revoked his probation and sentenced him to an 11-month term of imprisonment. Gutierrez-Chic completed his term of imprisonment in December 2019 and was transferred to the custody of United States Immigration and Customs Enforcement for deportation.

Gutierrez-Chic concedes there are no avenues remaining for him to obtain the relief sought in his petition. He is not subject to further court supervision, and he fails to articulate any collateral consequences stemming from the revocation of his probation. *See Spencer v. Kemna*, 523 U.S. 1, 14 (1998) (declining "to presume that collateral consequences adequate to meet Article III's injury-in-fact requirement result[] from [a] petitioner's parole revocation"); *United States v. King*, 891 F.3d 868, 870 (9th Cir. 2018) (extending *Spencer* mootness standard to revocations of supervised release). Accordingly, we dismiss the appeal as moot.

**DISMISSED.**